This is a suit by the children of the late Harris E. Averett against J.B. Southall for the possession of an automobile, one heater, one floor lamp, one chifferobe, one radio, an electric refrigerator and one lot of plumbing tools. They alleged that the above described articles were left by their father at his death and were inherited by them as his sole and only heirs; that the property was at the time of their father's death and is now in the possession of defendant and that he refuses to surrender it to them.
Plaintiffs alleged a writ of sequestration was necessary to protect their interest in the property and to prevent defendant from destroying or disposing of it during the pendency of the suit. They prayed that they be recognized as the owners of said property and entitled as such to possession of it.
Defendant denied plaintiffs' ownership and alleged that all of the property sued for, with the exception of the plumbing tools, was either bought by him from deceased or was given to him by deceased during his lifetime.
The lower court awarded plaintiffs judgment as prayed for and defendant has perfected this appeal. *Page 142 
In this court counsel for defendant in argument abandoned his claim to the automobile but seriously urges his claim to the other chattels.
The record is barren of any evidence which would throw any outside light on the transactions involved here. There was some reason why the deceased placed his personal property in the possession of defendant instead of in the possession of his children, but we cannot find the reason in the record. Deceased did not live with defendant, yet he set up a heater in his house and defendant and his wife both testified that he made them a present of it. This was in 1939. Practically three years before his death deceased purchased a refrigerator and had it delivered to defendant's home where it still remains. Defendant and his wife both testified that after they had used the refrigerator for thirteen months deceased told them if they would pay the remaining notes, amounting to approximately $86 they could have the refrigerator as he had no further use for it and that they made the payments. They both testified that they purchased the chifferobe from deceased for the price of $17.50 and paid him in cash. Their testimony is not contradicted in any way by any witness. Defendant has had the actual possession of these chattels for a long time and has used them as his own. Deceased and defendant were the best of friends and it is apparent that deceased wished defendant to have his property.
It is stated in brief by counsel for plaintiffs that deceased was married twice and that he was divorced from his first wife and his second wife died. It does not state by which marriage the plaintiffs were issue. If they were children of the first marriage it might be easy to find the reason for deceased's actions regarding his property. However, the record is silent on this point.
When deceased was preparing to go to Shreveport to a sanitarium, which illness proved to be his last, he requested defendant to take his automobile and keep it for him and defendant did so getting the keys from deceased's brother at the request of deceased.
We are convinced the record discloses that defendant acquired from decedent the refrigerator and chifferobe now in his possession by purchase and that the heater was a manual gift to him by decedent.
Defendant has not offered any testimony to show a purchase of the floor lamp or radio nor has he offered any testimony to show they were given to him. It is admitted they were purchased by decedent during his lifetime and were his property. After decedent's death defendant paid the last note due on the car. He also bought a license for it and paid a garage bill. We do not think he is entitled to recover the garage bill and license fee for he has had the use of the car during the time they were paid. The lower court correctly gave him judgment for the amount of the note he paid on the car.
The judgment of the lower court will have to be amended by rejecting plaintiffs' demands to be declared the owners of one No. 2210 Heater; one electric refrigerator, Serial No. 500,942, Motor No. 500,120; and one chifferobe. In all other respects the judgment is affirmed; cost of appeal to be paid by appellees.
TALIAFERRO and HAMITER, JJ., concur.